UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE MARTIN MARTINEZ,

  Petitioner,

Case No. 25-10925
Honorable Laurie J. Michelson

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Martin Martinez, a state prisoner who is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, mailed a letter to the Court seeking assistance with his currently pending collateral proceedings in state court. It was docketed as a petition for writ of habeas corpus. But Martinez's letter contains insufficient allegations to commence a habeas corpus proceeding. So the Court will dismiss the case without prejudice.

I.

Following a jury trial in the Wayne County Circuit Court, Martinez was convicted of conspiracy to commit armed robbery, Mich. Comp. Laws § 750.175a, armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84. *See People v. Martinez*, No. 346063, 2020 Mich. App. LEXIS 1226 (Mich. Ct. App. Feb. 18, 2020). His convictions were affirmed on direct appeal. *Id.*

Martinez subsequently filed a post-conviction motion in the trial court raising claims of ineffective assistance of counsel and sentencing errors that was denied. *See People v. Martinez*, No. 367914, 2024 Mich. App. LEXIS 3663 (Mich. Ct. App. May 14,

2024). The Michigan Court of Appeals, however, reversed and ordered the trial court to readdress Martinez's claims and determine whether an evidentiary hearing was required. *Id.*

Martinez's letter to the Court complains that it has been nearly a year, and the trial court has failed to act on the remand order. (ECF No. 1.) Martinez states that he has been wrongfully imprisoned for seven years. (*Id. at* PageID.2.) Feeling like he is getting inadequate relief from the state court, he requests that this Court "help [him] get his life back." (*Id.*)

## II.

The only conceivable basis for this case to now be in federal court is by way of a habeas petition, but that is not what Martinez has filed. At minimum, a habeas petitioner must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c), Rules Governing Section 2254 Cases; *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). The instant filing obviously does not meet the minimum requirements of Rule 2(c). [1]

This is likely because Martinez did not intend for his letter to constitute a habeas petition. He is not seeking adjudication by this Court of alleged constitutional

---

[1] What is more, Martinez has not paid any filing fee or applied to proceed *in forma pauperis*.

2

violations in his state court proceedings. Instead, he wrote to this Court, rather than the Michigan Court of Appeals, to try to get action in the state trial court.

Even if the Court were to view the letter as a habeas petition, it would be subject to dismissal for other reasons as well. Martinez does not clearly indicate the grounds presented for habeas relief or whether they have been properly exhausted. Equally fatal, a claim that the state courts are not timely resolving Martinez's post-conviction motion does not present a claim that is cognizable on federal habeas review because Martinez has no federal constitutional right to state post-conviction review. *See Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("Delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief.") (citation and internal quotation omitted).

### III.

The delay in Martinez's collateral proceeding is unfortunate and hopefully it can be rectified soon. Martinez, though, is not without state court options. For example, he may seek an order of superintending control from the Michigan Court of Appeals directing the state trial court to comply with the remand order. *See* Mich. Ct. R. 3.302(D)(1); 7.203 (C)(1). Martinez could request the same relief from the Michigan Supreme Court in the event the Michigan Court of Appeals declined to issue such an order. Mich. Ct. R. 7.306(A). But a letter to this Court is not the proper procedure.

Thus, this case is subject to and will be summarily DISMISSED. *See Robertson v. Eppinger*, No. 17-4107, 2018 U.S. App. LEXIS 37203, at *1–2 (6th Cir. March 27, 2018).

To the extent necessary, the Court will also deny a certificate of appealability because it finds that reasonable jurists would not find the dismissal of the letter debatable. 28 U.S.C. § 2253(c)(2). The Court denies permission to appeal in forma pauperis because it finds that any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Laurie J. Michelson
Hon. Laurie J. Michelson
United States District Judge

Dated: April 16, 2025